PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* RAFAEL VÁZQUEZ AND RAMÓN TORRES, Defendants and Appellants.

No. 3137.   Argued November 18, 1927.—Decided February 10, 1928.

*R. Sancho Bonet* for the appellants. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Both defendants in this case appealed from the judgment of conviction for embezzlement and from the order refusing them a new trial, and the only ground alleged by them in support of their appeals is that the lower court erred in overruling their motion for a new trial.

The appeals were taken in February, 1926, without sending up to this court a statement of the case, a transcript of the evidence prepared by the stenographer, or a bill of exceptions; but at the hearing on the appeals on November 18, 1927, after the argument by counsel the attorney for the appellants moved orally for time for filing a transcript of the evidence and the court reserved its ruling thereon. In view of the tardiness of this motion and of the failure to submit under oath reasons in support thereof, we shall overrule the motion.

The ground of the motion for a new trial was that during the trial the district attorney examined witnesses whose testimony was entirely untrue and passionate; that after the trial the defendants learned that a document submitted by the district attorney as essential for his evidence was spurious because the signature appearing therein as that of defendant Rafael Vázquez is a forgery; that likewise they learned after the trial that the district attorney was in possession of a declaration made by Enrique Betancourt, who died before the trial, favoring the defendants. Supplementing that motion it is also alleged in regard to the false statements that they were a surprise to the defendants who expected different testimony from those witnesses; that regarding the spurious document, they were unable to ascertain its falsity because it remained in the hands of the

defendants for only a few seconds on the day referred to in the complaint, the district attorney then taking possession of it, and that the alleged evidence in support of their motion for a new trial is not cumulative and will produce a distinct effect at the new trial. Attached to the motion were affidavits of the defendants on the facts therein set forth and one of a handwriting expert who compared the signature of "R. Vázquez" on the document submitted by the district attorney with other signatures written by defendant Rafael Vázquez before him.

Apart from the facts that the witnesses for the prosecution testified against the defendants can not be a surprise to them and that defendant Vázquez admits that before the trial he saw the document submitted by the district attorney, for which reason if he had not affixed his signature to it he ought to have been ready to show at the trial the forgery afterwards alleged by him, we must come to the conclusion that we are not in a position to reverse the order refusing a new trial to the appellants, because, they having failed to send up to us the evidence introduced in the trial court, we can not determine whether or not the new evidence which they offer to submit is cumulative, or whether the document referred to is essential and decisive so that in case of forgery of the signature of defendant Vázquez as alleged, the judgment would have to be distinct from that rendered.

For the foregoing reasons the judgment and order appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.